IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

HIGH PLAINS HARVESTING, LLC

      Plaintiff,

v.

2:23-CV-191-Z-BQ

DEERE & COMPANY D/B/A JOHN
DEERE

      Defendant.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Motion") (ECF No. 5). For the reasons explained *infra*, it is **DENIED**.

#### BACKGROUND

A 2018 John Deere Cotton Stripper, Model CS-690 ("Cotton Stripper"), ignited while Plaintiff's employee was routinely harvesting cotton. ECF No. 1-3 at 2. Plaintiff's investigation determined that the fire "began in the 'accumulator' and rapidly spread to other areas, leaving the operator unable to extinguish the fire in a timely manner to avoid . . . substantial damage." *Id.* Defendant knew of the design defect, per Plaintiff, and could have installed a fire suppression system. *Id.* It did not.

#### LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he well-pleaded

allegations of a complaint must be taken as true and viewed in the light most favorable to the plaintiff." *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

ANALYSIS

Plaintiff alleges the following claims: (1) design defect; (2) failure to warn; (3) negligence; and (4) breach of warranties. ECF No. 10 at 7–9. Because Plaintiff did not assert a manufacturing defect claim, the Court need not consider Defendant's motion to dismiss it. *See* ECF Nos. 5 at 3–4 (requesting that the Court dismiss a manufacturing defect claim); 10 at 8 (Plaintiff disavowing manufacturing defect claim).

I. **Plaintiff asserts a plausible design defect claim.**

To state a plausible design defect claim, "a plaintiff must allege how (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Garcia v. Deere & Co.*, No. 3:20-cv-095, 2021 WL 3745188, at *1 (S.D. Tex. March 23, 2021) (internal marks omitted); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

Defendant argues that Plaintiff inadequately pled a safer alternative design. ECF No. 5 at 2–3. "In order to successfully plead the existence of a 'safer alternative design,' the design must be one that would have prevented or significantly reduced the risk of [damage] . . . without substantially impairing the product's utility." *Carlton v. Olympus Corp. of Americas*, 1:18-CV-00026-LY, 2019 WL 6037322, at *7 (W.D. Tex. July 26, 2019), *report and recommendation adopted*, 2019 WL 6037277 (W.D. Tex. Aug. 23, 2019) (internal marks omitted).

Plaintiff's investigation concluded that a Cotton Stripper with an "effective fire suppression system" would have been safer. ECF No. 1-3 at 2. Plaintiff further alleges that "using that design

2

would have been reasonable from a financial and technological standpoint . . . [and] would have kept most of the product's use and utility, while reducing the risk of injury." *Id.* at 3.

The foregoing constitutes an adequately pled safer alternative design, as the combustion and Plaintiff's post-accident investigation clarify that a safer alternative would have included an automatic fire suppression system. *Id.* at 2. Defendant objects that Plaintiff "does not adequately describe its alternative design or allege how it was safer" — perhaps not to Defendant's liking, but enough to satisfy Plaintiff's pleading requirements. Further, Defendant's reliance on *Carlton* is inapposite. *See* ECF No. 5 at 2. There, plaintiffs alleged six alternative designs that were not measurably safer. *Carlton*, 2019 WL 6037322, at *8. But a fire suppression system targeting spontaneous combustions demonstrates that is not the case here.

Defendant's proposed caselaw, for good measure, emphasizes the adequacy of Plaintiff's proposed safer alternative design. In *Garcia*, for example, there was no eyewitness to the allegedly defective tractor. *Garcia*, 2021 WL 3745188, at *1. It is thus unsurprising that these plaintiffs "fail[ed] to identify any specific alternative design, much less describe how that alternative design was safer . . . ." *Id.* at *2. Not so here, where Plaintiff alleges eyewitnesses to the spontaneous combustion and further alleges Defendant's prior knowledge. And there is no question at this stage that a fire suppression system would have made the combusting Cotton Stripper safer.

## II.     Plaintiff's failure-to-warn claim is plausible.

To state a plausible failure-to-warn claim, Plaintiff must plead facts showing: (1) a risk of harm inherent in the product or that may arise from its intended or reasonably anticipated use; (2) the manufacturer actually knew or should have reasonably foreseen the risk of harm when the product was marketed; (3) the product contains a marketing defect; (4) the absence of a warning

renders the product unreasonably dangerous; and (5) failing to warn caused the user's injury. *Id.*

Defendant argues that Plaintiff inadequately demonstrated that dangers would occur without the fire suppression system; that Plaintiff failed to allege the Cotton Stripper was "unreasonably dangerous"; and that Plaintiff failed to articulate an adequate warning that would have prevented the harm. ECF No. 5 at 5–6.

Plaintiff alleges that Defendant "was aware of the dangers associated with the same model of cotton stripper due to many being involved in and destroyed in previous fires," and in 2018 it "failed to design and install an effective fire suppression system in the newer manufactured models, and the subject model in question." ECF No. 1-3 at 2. Defendant further "failed to warn [Plaintiff] of the dangers inherent in the Cotton Stripper in question when sold without an incorporated automatic fire suppression system . . . ." *Id.* at 4.

The foregoing sufficiently addresses Defendant's objections. First, Defendant's knowledge of previous combustion incidents demonstrates a plausible case of future dangers without a fire suppression system. Second, Plaintiff stated in readily perceptible terms how Defendant's alleged failure to warn would have made the Cotton Stripper unreasonably dangerous. Defendant, per Plaintiff, sold a spontaneously combusting Cotton Stripper and did not warn Plaintiff; the unreasonable danger here is apparent. Third, even if Plaintiff needed to "articulate an adequate warning that would have prevented the harm," *Carlton*, 2019 WL 6037322, at *11, — and no authority suggests it must — Defendant's obvious alternative was to warn consumers about the combustion problem. ECF No. 1-3 at 4. It did not, and this accident resulted.

4

### III.    Plaintiff's negligence and breach-of-warranties claims survive.

Defendant argues that Plaintiff's negligence and breach-of-warranty claims should be dismissed "for all the reasons [its] strict liability claims should be dismissed . . . ." ECF No. 5 at 6. Thus, based on the analysis *supra*, these claims may also proceed.

CONCLUSION

Defendant's Motion is **DENIED**.

**SO ORDERED**.

February _____, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE